**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ERIN ALBERTS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-12262-GAO |
| v. | ) ) | Hon. George A. O'Toole Jr. |
| PAYLESS SHOESOURCE, INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR DISCOVERY
AND TO HOLD SUMMARY JUDGMENT IN ABEYANCE
PURSUANT TO RULE 56(d) – *LEAVE TO FILE GRANTED ON APRIL 2, 2014***

Submitted by:

Joseph J. Siprut*
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois  60602
Tel:  312.236.0000
Fax:  312.948.9196

Alexander Shapoval
*ashapoval@siprut.com*
**SIPRUT** PC
1 Winnisimmet Street
Chelsea, MA 02150
Tel: 617.889.5800
Fax: 617.884.3005

* Admitted *Pro Hac Vice*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

PROCEDURAL AND FACTUAL BACKGROUND.............................................................1

ARGUMENT..........................................................................................................................3

    I.   Defendant's Motion Raises Genuine Issues of Material Fact Regarding Plaintiff's Claims ...............................................................................................5

    II.  The Siprut Affidavit Establishes What Probable Facts Are Necessary But Presently Unavailable, And How Additional Discovery Will Allow Plaintiff To Obtain These........................................................................................4

        A.  Plaintiff Needs Additional Discovery Regarding Defendant's Segmentation Practices Between The Credit Card And PII Databases....................................................5

        B.  Plaintiff Needs Additional Discovery Regarding Defendant's Use of PII, Including Disclosures To Third-Parties………………………...................................7

CONCLUSION....................................................................................................................9

# **TABLE OF AUTHORITIES**

**UNITED STATES SUPREME COURT CASES**

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)… ..................................................................................................3

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Stella v. Town of Tewksbury, Mass.,*
4 F.3d 53, 55 (1st Cir. 1993)........................................................................................3

*Carmona v. Toledo,*
215 F.3d 124 (1st Cir. 2000).......................................................................................3

**UNITED STATES DISTRICT COURT CASES**

*Tyler v. Michaels Stores, Inc.,*
2013 Mass. LEXIS 40 (2013). ....................................................................................2

*Commonwealth Aluminum Corp. v. Markowitz,*
164 F.R.D. 117, 121 (D. Mass. 1995).....................................................................3, 4

**STATUTES AND FEDERAL RULES**

Fed. R. Civ. Pro. 26................................................................................................1, 2, 4

Mass. Gen. L. ch. 93, § 105 ..........................................................................1, 2, 4, 5, 7

Fed. R. Civ. Pro. 56.......................................................................................................1, 3

Mass. Gen. L. ch. 93A, § 2 ..............................................................................................2

Mass. Gen. L. ch. 93A, § (9)(3) .......................................................................................2

**INTRODUCTION**

Defendant Payless ShoeSource, Inc. responded to Plaintiff's Complaint by filing a "Motion to Dismiss Or, Alternatively, For Summary Judgment." Defendant's Motion is entirely premature. No discovery has taken place, and the opportunity for discovery under Rule 26 has not even commenced yet.

As Plaintiff will explain at the appropriate time, Defendant's Motion rests on fundamentally flawed understandings of G.L. c. 93, § 105(a), the Massachusetts state statute prohibiting the collection of personal information in conjunction with retail credit card transactions. For now, however, Plaintiff needs the merits discovery she has not yet obtained (or had a *chance* to obtain) in order to properly respond to Defendant's Summary Judgment Motion. With this discovery, Plaintiff will establish that Defendant's practices do, in fact, violate Section 105.

Accordingly, the Court, pursuant to Rule 56(d), should defer briefing and consideration of Defendant's Summary Judgment Motion until Plaintiff can complete the merits discovery necessary to oppose Defendant's Motion, or, alternatively, deny the Motion in its entirety.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed her Complaint, individually and on behalf of a proposed Class of Massachusetts residents, on September 12, 2013, for violations of Mass. Gen Laws ch. 93, § 105(a) ("Section 105"). (Docket No. 1.) Section 105 addresses and prevents the misuse and improper collection of personal identification information by retailers, and recognizes that there is no legitimate need to obtain such personal information from credit card customers except to the extent it is strictly necessary to complete the transaction. (Compl. ¶ 34.)

Specifically, Section 105 states that:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be

>       written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

(Compl. ¶ 34.) The Complaint alleges that Payless has, at all relevant times, violated Section 105 through its practice of requiring, as a condition of using a credit card to make a purchase, consumers' personal identification information, and specifically their Zip codes. (Compl. ¶ 40.) The Supreme Judicial Court of Massachusetts has recently determined – once and for all – that a Zip Code constitutes personal identification information ("PII") within the meaning of Section 105. *See Tyler v. Michaels Stores, Inc.*, 2013 Mass. LEXIS 40 (2013).

Mass. Gen. Laws ch. 93 § 105(c) provides that: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." Accordingly, Defendant's violations of Mass. Gen Laws ch. 93 § 105 constitute unfair and deceptive trade practices within the meaning of Mass. Gen Laws ch. 93A § 2 ("Chapter 93A").[1] (Compl. ¶ 38.)

On November 15, 2013, in response to the Complaint, and before *any* discovery occurred (or could have occurred under Rule 26), Defendant filed its Motion for Summary Judgment. (Docket No. 12)

---

[1] Mass. Gen Laws ch. 93A § 9 provides:
>       Any person … who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper …. Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

**ARGUMENT**

Summary judgment cannot be granted before "the discovery phase [is] sufficiently advanced that the court can make an accurate determination of 'whether a genuine issue of material fact does or does not exist.'" *Stella v. Town of Tewksbury, Mass.*, 4 F.3d 53, 55 (1st Cir. 1993) (reversing district court's decision to grant summary judgment before discovery begins and party is "on notice to bring forth all of its evidence on the essential elements of the critical claim or defense."). Further, merely demonstrating a plausible basis for the existence of discoverable material is sufficient "to raise a genuine issue of material fact and, thus, defeat summary judgment." *Commonwealth Aluminum Corp. v. Markowitz*, 164 F.R.D. 117, 121 (D. Mass. 1995).

Thus, under Rule 56(d), when a plaintiff cannot by affidavit present all of the "facts essential to justify his opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (Rule 56(d)[2] "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery."). This Rule prevents the opposing party from being "railroaded" by a premature motion for summary judgment. *Id.*

Where a summary judgment motion is filed very early in the litigation, before any opportunity for discovery, courts routinely grant Rule 56(d) postponements. *Carmona v. Toledo*, 215 F.3d 124, 132-33 (1st Cir. 2000) ("A moving party may not satisfy its initial burden of production […] if the non-moving party has not had adequate opportunity to discover material facts supporting its claim."). Rule 56(d) is intended as a safeguard from "swinging the summary judgment axe too hastily" and, thus, a court "should construe motions that invoke the rule

---

[2] When *Celotex* was decided, Rule 56(d) was codified as Rule 56(f).

-3-

generously, holding parties to the rule's spirit rather than its letter." *Commonwealth Aluminum Corp.*, 164 F.R.D. at 119.

This standard is manifestly satisfied here, given that Defendant filed its Motion before *any* discovery has occurred (or could have possibly occurred under this Court's scheduling orders and Rule 26). As described more fully below, Plaintiff lacks the information necessary to adequately oppose Defendant's motion, and Plaintiff accordingly seeks the merits discovery necessary to respond to Defendant's motion.

### I. Defendant's Motion Raises Genuine Issues of Material Fact Regarding Plaintiff's Claims.

Defendant makes three principal arguments in support of its request for summary judgment, each of which requires discovery in order to appropriately respond.

First, Defendant argues that it does not technically record PII on any "credit card transaction forms," per se. Rather, says Defendant, it collects PII from consumers and then stores the information in a *different* database, as though this somehow defeats liability. (Def. Mot. at 5.) Based on the mere unilateral assertion that the PII is stored in a separate or different database, Defendant leaps to the erroneous legal conclusion that this conduct is a permissible work-around under Section 105(a). *Id*. It is not. But more importantly, for present purposes, this is an argument that must be debated with a factual and evidentiary record – not in a vacuum, as Defendant would have it.[3]

Defendant actually concedes this point when it argues that the Massachusetts Supreme Judicial Court did "nor resolve" the issue raised by Defendant here – whether an "electronic database" constitutes a credit card transaction form – leaving that "*factual question*" to be decided

---

[3] The specific discovery Plaintiff needs, and will pursue, pursuant to Rule 56(d) is broken out in Section II below.

by the District Court. (Def. Mot. at 13 (quoting the *Michaels* decision; emphasis added).) Exactly right.

Second, Defendant argues that Plaintiff and the Class have no damages within the meaning of Section 105(a), and thus no standing. Defendant concedes (as it must) that the *Michaels* court expressly noted that identifiable harm within the meaning of Section 105 could include, among other things, receipt of unwanted marketing materials, and the sale of PII to a third party. (Def. Mot. at 14.) Defendant unilaterally asserts that Plaintiff did not receive any unwanted marketing materials and her PII was never sold. (Def. Mot. at 15.)

Yet in the very next breath, Defendant admits that it shares PII with outside companies that provide services directly to Defendant, such as direct mailers that Defendant hires to send promotional materials to consumers! (*Id.*) Thus, in response to the allegation that Plaintiff received unwanted marketing materials, Defendant admits that it shares consumer PII for the purpose of sending consumers marketing materials. And Defendant expects to be granted summary judgment on this record, without *any* discovery? Defendant's argument is frivolous.

As explained below, there is specific discovery Plaintiff requires, and plans to take, to properly oppose Defendant's summary judgment motion.

## II. The Siprut Affidavit Establishes What Probable Facts are Necessary but Presently Unavailable, and How Additional Discovery Will Allow Plaintiff to Obtain these Facts and Rebut Defendant's Motion.

### A. Plaintiff needs additional discovery regarding Defendant's Segmentation Practices Between The Credit Card and PII Databases.

Defendant freely admits to collecting PII but maintains that the Zip Codes collected are stored in a separate database, which purportedly creates an end-run around Section 105. (Siprut Aff. ¶ 20.) Aside from testing the veracity and accuracy of these unilateral representations, discovery is also necessary to determine:

- Whether the PII is comingled (with the credit card database) at any point after the point of sale. (Siprut Aff. ¶ 21.)

- Whether it is possible to combine the PII in the two databases to create more robust customer profiles. (Siprut Aff. ¶ 21.)

- Whether Defendant has, in fact, attempted to merge the databases. (Siprut Aff. ¶ 21.)

For example, the Payment Card Industry Data Security Standards (PCI DSS) recommends that companies collecting and store payment card data segment its networks to maintain an actual separation of data the store collects and data stored on a payment card.[4] (Siprut Aff. ¶ 23.) PCI DSS also demands that companies collect no more data than is necessary for their business, legal, and regulatory requirements. *Id.* Companies are also required by these standards to utilize a third party to verify and evaluate their network fragmentation processes. *Id.* Additional discovery will thus include:

- The means and methods of any segmentation between the credit and PII databases (such as properly configured internal network firewalls, routers with strong access control lists, or other technologies that restrict access to a particular segment of a network). (Siprut Aff. ¶ 24.)

- Information regarding the processes and business, regulatory and legal needs related to the collection and storage of PII. (Siprut Aff. ¶ 24.)

- Information regarding processing, selling or transmission of cardholder data. (Siprut Aff. ¶ 24.)

- A cardholder data flow diagram that helps fully understand all cardholder data flows and ensures that any network segmentation is effective at isolating the cardholder data environment. (Siprut Aff. ¶ 24.)

- Information on how Payless assesses its network segmenting practices to verify them. (Siprut Aff. ¶ 24.)

---

[4] PAYMENT CARD INDUTRY DATA SECURITY STANDARDS: REQUIREMENTS AND SECURITY ASSESSMENT PROCEDURES, VERSION 3, (November 2013), https://www.pcisecuritystandards.org/security_standards/ (last visited Decemner 18, 2013).

To the extent discovery shows that PII and credit card databases are comingled and that inadequate barriers exist between the two, this will support Plaintiff's position that no distinction should be drawn between the databases for purposes of Section 105 liability. (Siprut Aff. ¶ 22).

It is also necessary to understand the user interface from the cashier's perspective at the point of sale, in order to determine whether PII is coded correctly and whether adequate training processes are in place. (Siprut Aff. ¶ 25.) To that end, Plaintiff must also seek discovery on:

- Current and past policies and procedures for collecting PII and processing credit card transactions. (Siprut Aff. ¶ 26.)

- Documents and information concerning how Defendant trains employees and new hires on collecting PII at the point of sale. (Siprut Aff. ¶ 26.)

### B. Plaintiff Needs Additional Discovery Regarding Defendant's Use of PII, Including Disclosures To Third-Parties.

As explained above (Section I, *supra*), Defendant admits that the *Michaels* court expressly noted that identifiable harm within the meaning of Section 105 could include, among other things, receipt of unwanted marketing materials, and the sale of PII to a third party. (Def. Mot. at 14; Siprut Aff. ¶ 27.)  Defendant also admits that it shares PII with outside companies that provide services directly to Defendant, such as direct mailers that Defendant hires to send promotional materials to consumers. (*Id.*) The following fact questions are thus necessary to make a record on Defendant's practices (so that their legality can be properly assessed):

- What companies have been privy to Defendant's PII database during the relevant, statutory period. (Siprut Aff. ¶ 28.)

- The nature of the relationship between Defendant and any third-parties that are enlisted to provide "services directly to Defendant" using consumers' PII. (Siprut Aff. ¶ 28.)

- The security measures implemented, if any, to ensure that third-parties with access to consumers' PII do not exceed the scope of the permitted use. (Siprut Aff. ¶ 28.)

- The exact type of promotional and marketing material sent by Defendant to consumers. (Defendant admits, for example, that Plaintiff received emails from Defendant after Defendant acquired Plaintiff's PII.) (Siprut Aff. ¶ 28).

- The basis for Defendant's contention that consumers who received such materials necessarily did so voluntarily, and with consent, and the measures taken to acquire such purported consent. (Siprut Aff. ¶ 28).

The extent to which discovery shows that consumers received marketing materials – and the extent to which Defendant built this database by collecting PII at the point of sale – bears directly on injury under Section 105, as even Defendant concedes. (Siprut Aff. ¶ 29). And while Defendant claims that any such communications were not "unwanted," this conclusory argument assumes away the very issue in dispute. How and the extent to which consumers purportedly approved or consented to these communications is a fact question, and must be explored through discovery. (Siprut Aff. ¶ 30).

\*      \*      \*

In sum, the Court does not need to decide now whether Payless' Motion should be granted or denied, and certainly not whether Payless wins or loses the case. The *only* question is whether Plaintiff has the right to take discovery before being required to respond to Payless's Motion. (Siprut Aff. ¶ 14.)

While Defendant would have this Court believe that its Motion for Summary Judgment presents simple and straightforward issues, the facts underlying its arguments are not. (Siprut Aff. ¶ 32.)  Plaintiff has met her burden identifying those specific facts needed to properly prove their case and to adequately oppose Defendant's Motion. (Siprut Aff. ¶ 33.) To adjudicate Defendant's motion without *any* discovery – and specifically the discovery outlined herein – would be highly prejudicial. (Siprut Aff. ¶ 31.)

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order (i) permitting them to obtain the discovery necessary to support their opposition to Defendant's pending Motion for Summary Judgment; (ii) deferring consideration of Defendant's Motion pending the completion of such discovery, or denying the motion in its entirety; and (iii) providing such other and further relief as the Court deems reasonable and just.

Dated:  April 2, 2014

Respectfully submitted,

ERIN ALBERTS, individually and on behalf of all those similarly situated

By: _____
Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut*
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois  60602
Tel:  312.236.0000
Fax:  312.948.9196

Alexander Shapoval
*ashapoval@siprut.com*
**SIPRUT** PC
1 Winnisimmet Street
Chelsea, MA 02150
Tel: 617.889.5800
Fax: 617.884.3005

* Admitted *Pro Hac Vice*

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

In accordance with Local Rule 7.1(a)(2), Plaintiff's counsel certifies that they have made good faith efforts to confer with Defendant's counsel to resolve the matters raised in this motion.

_____
Joseph J. Siprut

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing **Plaintiff's Motion For Discovery And To Hold Summary Judgment In Abeyance Pursuant To Rule 56(d) –** *Leave To File Granted On April 2, 2014* was filed electronically with the Clerk of the Court using the CM/ECF system on April 2, 2014, and served electronically on all counsel of record.

_____
Joseph Siprut

4830-7105-6919, v. 2