# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIN ALBERTS, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:13-cv-12262-GAO |
| v. ) ) | Hon. George A. O'Toole Jr. |
| PAYLESS SHOESOURCE, INC., ) ) | |
| Defendant. ) | |

### AFFIDAVIT OF JOSEPH J. SIPRUT PURSUANT TO FED. R. CIV. P. 56(d)

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this affidavit based upon personal knowledge unless otherwise indicated.

2. I am the managing partner at the law firm of Siprut PC, which has been retained to represent Plaintiff Erin Alberts in this matter.

3. I am admitted to practice *pro hac vice* before the United States District Court for the District of Massachusetts.

4. I make this Affidavit in support of Plaintiff's Motion for Discovery And To Hold Summary Judgment In Abeyance Pursuant to Rule 56(d).

5. I have personal knowledge of the facts set forth below, and if sworn as a witness, I am competent to testify to the matters set forth herein.

6. For the reasons set forth in Plaintiffs' FRCP 56(d) Motion, Defendant's Motion for Summary Judgment should be denied as there are disputes as to genuine issues of material fact with respect to Plaintiff's claims.  Under Federal Rule of Civil Procedure 56, Defendant has the evidentiary burden of demonstrating that no facts are in dispute and that it is entitled judgment as a matter of law. Defendant cannot meet this evidentiary standard.

1

*Procedural Posture and Discovery to Date*

7. Plaintiff Erin Alberts filed her class action complaint against Defendant on September 12, 2013 for violations of Mass. Gen Laws ch. 93, § 105(a) ("Section 105").

8. Section 105 addresses and prevents the misuse and improper collection of personal identification information by retailers, and recognizes that there is no legitimate need to obtain such personal information from credit card customers except to the extent it is strictly necessary to complete the transaction.

9. The Complaint alleges that Defendant has, at all relevant times, violated Section 105 through its practice of requiring, as a condition of using a credit card to make a purchase, consumers' personal identification information, and specifically their ZIP codes.

10. Mass. Gen. Laws ch. 93 § 105(c) provides that: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." Accordingly, Defendant's violations of Mass. Gen Laws ch. 93 § 105 constitute unfair and deceptive trade practices within the meaning of Mass. Gen Laws ch. 93A § 2 ("Chapter 93A"). (Compl. ¶ 38.)

11. Defendant responded on November 15, 2013 with a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment ("Motion").

12. As of December 11, 2013, no Discovery has been conducted in this case.

*The Necessity of Discovery*

13. In sum, the Court does not need to decide now whether Defendant's Motion for Summary Judgment should be granted or denied, and certainly not whether Defendant wins or loses the case.

14. The only matter at issue is whether Plaintiff will be allowed to conduct Discovery before being required to respond to Defendant's Motion.

15. Because Discovery has not yet occurred in any manner, Plaintiff cannot, at this time, present facts essential to justify her opposition to Defendant's Motion.

16. Plaintiff has received no documents supporting the allegations in Defendant's Motion.

17. Defendant is in sole possession of significant information critical to Plaintiffs' case.

18. It would be highly prejudicial if the court were to grant summary judgment before Plaintiff has the opportunity to conduct depositions, submit written interrogatories, and examine essential documents that form the basis of Defendant's defenses.

19. Without any discovery, every factual dispute is still entirely in dispute, and thus, there can be no question or debate that summary judgment is absolutely precluded at this time.

***Probable Facts That Exist About Defendant's Access to Plaintiff's PII, Why Those Facts Are Necessary But Not Currently Available, and How Additional Time Will Allow Plaintiff to Obtain Them***

20. Defendant freely admits to collecting PII but maintains that the Zip Codes collected are not collected on the credit card transaction form.  However, Defendant offers no evidence to the fact that this information is not co-mingled after the point of sale, which would be a mere workaround of M.G.C.L. 93A § 105's requirements, and a policy that could only be implemented in complete disregard of the law's spirit.

21. Accordingly, to oppose Defendant's Motion, Plaintiff should be granted Discovery into:

- Whether the PII is comingled (with the credit card database) at any point after the point of sale.

- Whether it is possible to combine the PII in the two databases to create more robust customer profiles.

- Whether Defendant has, in fact, attempted to merge the databases.

3

22. To the extent discovery shows that PII and credit card databases are comingled and that inadequate barriers exist between the two, this will support Plaintiff's position that no distinction should be drawn between the databases for purposes of Section 105 liability.

23. The Payment Card Industry Data Security Standards (PCI DSS) provides guidelines on how Defendant's assertions can be substantiated. PCI DSS recommends that companies collecting and store payment card data segment its networks to maintain an actual separation of data the store collects and data stored on a payment card.[1] PCI DSS also demands that companies collect no more data than is necessary for their business, legal, and regulatory requirements.[2] Companies are also required by these standards to utilize a third party to verify and evaluate their network fragmentation processes.[3]

24. Accordingly, to oppose Defendant's Motion, Plaintiff should be granted discovery into

- Whether Defendant segments its apparent multiple networks of PII;
- The means and methods of this segmentation (such as properly configured internal network firewalls, routers with strong access control lists, or other technologies that restrict access to a particular segment of a network);
- Complete information regarding the processes and business, regulatory and legal needs related to the collection and storage of PII;
- Complete information regarding processing, selling or transmission of cardholder data;
- A cardholder data flows diagram that helps fully understand all cardholder data flows and ensures that any network segmentation is effective at isolating the cardholder data environment;
- And complete information on how Defendant assesses its network segmenting practices to verify them.

---

[1] PAYMENT CARD INDUSTRY DATA SECURITY STANDARDS: REQUIREMENTS AND SECURITY ASSESSMENT PROCEDURES, VERSION 3, (November 2013), https://www.pcisecuritystandards.org/security_standards/.
[2] *Id*.
[3] *Id*.

4

25. It is also necessary to understand the user interface from the cashier's perspective at the point of sale, in order to determine whether PII is coded correctly and whether adequate training processes are in place.

26. To that end, Plaintiff must also seek discovery on:

- Current and past policies and procedures for collecting PII and processing credit card transactions.

- Documents and information concerning how Defendant trains employees and new hires on collecting PII at the point of sale.

27. Defendant also freely admits that it uses PII to send consumers unwanted marketing materials and that it shares consumer PII with outside companies that provide it services, such as direct mailings sending consumers promotional materials.

28. As a result, the following fact questions are necessary to make a record on Defendant's practices so their legality can be assessed adequately:

- What companies have been privy to Defendant's PII database during the relevant, statutory period.

- The nature of the relationship between Defendant and any third-parties that are enlisted to provide "services directly to Defendant" using consumers' PII.

- The security measures implemented, if any, to ensure that third-parties with access to consumers' PII do not exceed the scope of the permitted use.

- The exact type of promotional and marketing material sent by Defendant to consumers. (Defendant admits, for example, that Plaintiff received emails from Defendant after Defendant acquired Plaintiff's PII.)

- The basis for Defendant's contention that consumers who received such materials necessarily did so voluntarily, and with consent, and the measures taken to acquire such purported consent.

29. The extent to which discovery shows that consumers received marketing materials – and the extent to which Defendant built this database by collecting PII at the point of sale – bears directly on injury under Section 105, as even Defendant concedes.

5

30. And while Defendant claims that any such communications were not "unwanted," this conclusory argument assumes away the very issue in dispute. How and the extent to which consumers purportedly approved or consented to these communications is a fact question, and must be explored through discovery.

31. Without the above discovery, Plaintiff will be unable to answer any of the factual disputes raised in Defendant's premature Motion for Summary Judgment.

32. The above listed categories of documents are crucial to scrutinizing and substantiating the highly technical allegations Defendant asserts in its Motion.

33. This Court should deny Defendant's Motions for Summary Judgment. At the very least, this Court should continue the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d)[4] until Plaintiffs have had a realistic opportunity to conduct meaningful discovery. Notably, Defendant moved for summary judgment before any discovery had been conducted with full knowledge the Plaintiffs would be required to respond to the Motion for Summary Judgment before Plaintiffs had an opportunity to conduct and review any meaningful discovery on their allegations because Defendant controls the documents Plaintiffs require.

34. Without this information, Plaintiffs only have scant evidence to support its opposition and cannot possibly adequately oppose Defendant's Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2014

_____
Joseph J. Siprut

4848-9709-0839, v. 1

---

[4] In pertinent part, FED. R. CIV. P. 56(d) states, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to . . . to take discovery…"