UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12262-GAO

ERIN ALBERTS,
Plaintiff,

v.

PAYLESS SHOESOURCE, INC.,
Defendant.

OPINION AND ORDER
September 29, 2014

O'TOOLE, D.J.

## I.    Background

This case arises from Payless Shoesource, Inc.'s ("Payless") alleged policy to request and record customer zip codes concurrent with credit card purchases for the purpose of mailing customers unsolicited marketing materials. Plaintiff Erin Alberts, on behalf of herself and a proposed class, asserts that Payless's practices violate Massachusetts General Laws Chapter 93, Section 105(a), which prohibits a business from requesting personal identification information not required by the credit card issuer and recording such information on a credit card transaction form. Although Section 105(a) does itself create a cause of action, a violation is potentially actionable under the general consumer protection statute, Mass. Gen. Laws ch. 93A, §§ 2 and 9. The complaint alleges a single count for relief under that statute.

Payless moves to dismiss, claiming that the plaintiff fails to meet the written demand requirement set forth in Mass. Gen. Laws ch. 93A, § 9(3).

**II.     Discussion**

Mass. Gen. Laws ch. 93A, § 9(3) requires that:

At least thirty days prior to the filing of the action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.

M.G.L. ch. 93A, § 9(3). The demand letter is a prerequisite to suit by a consumer. Entrialgo v. Twin City Dodge, Inc., 333 N.E.2d 202, 204 (Mass. 1975).

Payless argues that the demand letter sent to Payless was insufficient to satisfy the statutory requirement because it did not identify Alberts as the claimant on whose behalf it was sent. Rather, the demand letter, sent as usual by a lawyer, merely referred to "Plaintiff" or "my client." In fact, Payless asserts without contradiction that the letter was originally sent on behalf of a different person, not Alberts, who later chose not to file suit. Payless only became aware of Alberts's claim when served with the complaint.

The plain language of Section 9(3) provides that the demand letter must "identif[y] the claimant." M.G.L. ch. 93A, § 9(3). In a class action, other plaintiffs may join without filing their own demand letters, but only after a plaintiff has filed an initial demand letter "identifying him as the claimant and reasonably describing the act or practice relied on and the injury suffered." Baldassari v. Public Finance Trust, 337 N.E.2d 701, 707 (Mass. 1975); see also Richards v. Arteva Specialties S.A.R.L., 850 N.E.2d 1068, 1075 (Mass. App. Ct. 2006). Furthermore, the purpose of the demand letter is to provide the defendant with enough information regarding the alleged actions so as to encourage investigation, communication, and ultimately, settlement between the parties. Casavant v. Norwegian Cruise Line, Ltd., 952 N.E.2d 908, 913 (Mass. 2011).

By simply referring to "Plaintiff" and "my client," the demand letter fails to meet the minimum requirements stated in Section 9(3). Furthermore, in light of the purpose of Section 9(3), the demand letter was insufficient to provide Payless with adequate factual information to determine the potential validity of Alberts's claim and offer settlement. Consequently, the prerequisite demand was not made, and Alberts's Chapter 93A claim may not proceed.

### **III.** **Conclusion**

For the reasons stated herein, Payless's Motion (dkt. no. 12) to Dismiss is GRANTED, and the action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge